PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**April 13, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

DENNIS G. BAILEY and ROBIN DENISE BAILEY,

Debtors.

Case No. 02-47325

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

THIS MATTER came before the Court at an evidentiary hearing held on April 5, 2006, on the motion by Wells Fargo Bank, N.A. (Wells Fargo) to set aside an Order Sustaining Objection to Proof of Claim #23 entered on June 7, 2005, filed by Dennis Bailey and Robin Bailey (Debtors), and an Alternative Motion to Value Collateral and Motion for Turnover filed by the Debtors. Based on the pleadings, testimony, exhibits and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

On February 2, 1999, the Debtors purchased a 1996 Chrysler Town & Country extended passenger van (Vehicle). Financing was provided in the amount of $25,171.35 by First Security Bank, who properly perfected its security interest in the Vehicle. Subsequently First Security Bank merged with Wells Fargo. On July 26, 2002, the Debtors filed a voluntary petition for relief under Chapter 13, Title 11. The Debtors listed the value of the Vehicle as

MEMORANDUM DECISION - 1

$4,000 in Schedule B of their bankruptcy petition.  On November 6, 2002, Wells Fargo filed a timely proof of claim, bifurcating its claim between the secured portion in the amount of $10,150 and an unsecured claim for the balance of $3,264.31.  Wells Fargo valued the Vehicle for purposes of its proof of claim by using the National Automotive Dealers Association (NADA) guidelines for used vehicles.  On November 7, 2002, the Chapter 13 Plan (Plan) was confirmed.  During the course of the Chapter 13 Wells Fargo received distributions from the Chapter 13 Trustee (Trustee) totaling $10,906.95 on its secured claim, and but for this proceeding, would have been paid in full from proceeds held by the Trustee.

On March 22, 2005, the Debtors filed an Objection to Proof of Claim #23 and Notice of Hearing on Objection (Objection).  The one and one-half page pleading signed solely by counsel for the Debtors indicated only that the Debtors estimated the fair market value of the Vehicle secured by Wells Fargo to be $4,000, and the amount of the Wells Fargo secured claim should be limited to $4,000.  No basis was given for the Debtors' estimate and no supporting documents were filed with the objection.  The Debtors' Proof of Service indicated that the Objection was delivered through U.S. and certified mail to Dick Kovacevich, Chairman/CEO of Wells Fargo Bank at 1 Montgomery Street, San Francisco, California, and to Barbara Hedrick at P.O. Box 30095, Walnut Creek, California, via mail and electronic means.  The testimony presented at the evidentiary hearing established that mail sent to the Chairman of Wells Fargo was sent to an incorrect address.  Mail sent to Ms. Hedrick was sent pursuant to a request filed with the Clerk of the Court by Wells Fargo, asking that all payments in the Chapter 13 be remitted to the Walnut Creek address.  On June 7, 2005, the Court signed an uncontested default Order Sustaining Objection to Proof of Claim #23 (Order).  The Order had the effect of disallowing retroactively the paid claim of Wells Fargo.  The Trustee

then sent a letter requesting Wells Fargo return funds previously paid. This request has led to the instant evidentiary hearing.

**CONCLUSIONS OF LAW**

A party seeking relief from a judgment or order can do so under Fed. R. Civ. P. 60(b). Fed. R. Bankr. P. 9024 encompasses Fed. R. Civ. P. 60(b), and additionally provides that "reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)." Presumably this is because 11 U.S.C § 502(j) allows for reconsideration of a disallowed claim for cause according to the equities of the case. See also Fed. R. Bankr. P. 3008. The Court concludes that the facts of this case lend itself to reconsidering the Court's uncontested default Order disallowing the Wells Fargo proof of claim.

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). Fed. R. Bankr. P. 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." This rule creates an evidentiary presumption of validity as to liability and amount for a properly filed proof of claim. In re Garner, 246 B.R. 617, 620 (9th Cir. BAP 2000). Except for evidence of proof of perfection of a security interest, the federal rules of bankruptcy do not require, however, that a claimant file evidence along with the proof of claim in order to attain prima facie effect. Garner, 246 B.R. at 621.

It is incumbent on the party seeking to defeat the proof of claim, however, to "come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.'" In re Lundell, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing In re Holm, 931 F. 2d 620, 623 (9th Cir. 1991)). In the

MEMORANDUM DECISION - 3

instant case, the Debtors' objection consisted only of a statement by counsel that the Debtors estimate the fair market value of the Vehicle at $4,000. This statement was apparently based on Schedule B of the Debtors' bankruptcy petition. No rationale, support or evidence was given for the clearly incorrect value placed on the Vehicle, as the Debtors' own appraiser later testified that the replacement value of the Vehicle as of the petition date was $8,265.

Under the facts of this case, the Court concludes that it is not necessary to decide whether the Debtors gave proper notice of their objection to the Wells Fargo proof of claim. Primarily this is because the Debtors initially failed to present adequate evidence, or any evidence, sufficient to defeat the Wells Fargo proof of claim. Taking into consideration the lack of evidence to support the Debtors' original valuation and the requested disallowance and disgorgement 31 months after confirmation, the Court concludes that pursuant to 11 U.S.C. § 502(j) the Court's Order of June 7, 2005 shall be reconsidered and vacated. Wells Fargo's November 6, 2002 proof of claim shall be deemed allowed.

DATED: April 13, 2006

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 4